UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT CRUZ-RIVERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01687-JRO-TAB |
| | ) | |
| JASON HEINEY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER SCREENING COMPLAINT AND STAYING PROCEEDINGS**

Plaintiff Robert Cruz-Rivera, proceeding *pro se*, is currently detained at Delaware County Jail. He filed this civil action pursuant to 42 U.S.C. § 1983 against Jason Heiney, a sergeant with the Lawrence Police Department. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendant pursuant to 28 U.S.C. § 1915A.

**I.**

**SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

1

(2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.

### THE COMPLAINT

The Court accepts Cruz-Rivera's factual allegations as true at the pleading stage but not his legal conclusions.  *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)).

The complaint generally alleges that, from November 2023, for a period of six months, Cruz-Rivera worked maintenance for an apartment building in which he lived.  He was also compensated for reporting and sharing photos and voice recordings of unclean rooms and illegal activity to the building owner.

These reports led to Cruz-Rivera being assaulted, and another perpetrator attempted to murder him.  His struggle with the would-be-murderer, armed with a handgun, resulted in a shot fired by the other man through two apartment units.  The Indianapolis Metropolitan Police Department arrived on the scene and made no arrests.  Violence against Cruz-Rivera continued until he moved to a new building.

On June 27, 2025, a "shots fired" incident occurred at Cruz-Rivera's new building; the shooter was in a minivan.  On June 28, Sergeant Heiney of the Lawrence Police Department filed a probable cause affidavit about the shooting which resulted in Cruz-Rivera's arrest.  Dkt. 1 at 4.  Yet, Cruz-Rivera pleads that he had already been arrested by Sergeant Heiney on June 27.  *Id.* at 8.  Cruz-Rivera submits that the affidavit was premised on falsities.  As of filing the complaint, Cruz-Rivera remained in custody due to the arrest.

The Court takes judicial notice that Cruz-Rivera's criminal case, *State v. Cruz Rivera*, No. 49D21-2507-F4-019989, is pending in the Marion Superior Court.  *See Ewell v. Toney*, 853 F.3d 911, 917 (7th Cir. 2017) (state court proceedings are "the proper subject of judicial notice").  Indeed, the probable cause affidavit in that case mirrors the affidavit Cruz-Rivera describes in his complaint.  *Cruz Rivera*, No. 49D21-2507-F4-019989, Aff. Prob. Cause (July 1, 2025).  The Court takes further judicial notice that Cruz-Rivera has filed multiple motions in the criminal case reciting the same or similar challenges to the affidavit and the evidence emanating from it that he pursues in this action.  *Id.*, Mot. Suppress Evid. (Nov. 5, 2025), Mot. Exclude Evid. (Nov. 26, 2025), Mot. Suppress (Nov. 26, 2025).  Finally, the Court takes judicial notice that a hearing on at least one of these motions is scheduled for June 5, 2026, and a jury trial is currently scheduled for June 22, 2026.

### III.

### DISCUSSION

This Court cannot consider Cruz-Rivera's federal claims until his criminal proceeding in state court concludes.  Under the abstention doctrine in *Younger v. Harris,* federal courts abstain from hearing constitutional challenges to state actions until the state proceedings are resolved.  401 U.S. 37 (1971) (upholding "the settled doctrines that have always confined very narrowly the availability of injunctive relief against state criminal prosecutions" in federal courts); *see FreeEats.com, Inc. v. Indiana,* 502 F.3d 590, 595 (7th Cir. 2007) ("*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings.").  This doctrine is subject to narrow exceptions accounting for "flagrant violation[s] of express constitutional rights" and irreparable injury. *Arkebauer v. Kiley,* 985 F.2d 1351, 1358 (7th Cir. 1993) (internal citation omitted).

"The rule in *Younger v. Harris* is designed to permit state courts to try state cases free from interference by federal courts." *FreeEats.com, Inc.,* 502 F.3d at 595.  Citing this doctrine, federal courts have largely declined to interfere in state court criminal proceedings until resolution of the case.  *See, e.g., Simpson v. Rowan,* 73 F.3d 134, 138 (7th Cir. 1995) (upholding district court's decision to abstain from hearing 42 U.S.C. § 1983 claims alleging police misconduct underlying a criminal proceeding while the case worked its way through the state

4

appellate process).  District courts in the Seventh Circuit should stay civil rights claims for monetary relief, not dismiss them.  *See Simpson*, 73 F.3d at 138-39.

Here, Cruz-Rivera seeks damages and injunctive relief—including his immediate release—based on police conduct directly implicated in his state criminal proceeding.  *See* Dkt. 1 at 9.  As required by *Younger* abstention, the Court will not interfere in the ongoing Marion Superior Court criminal proceeding.  This circumstance is insufficiently extraordinary to qualify as an exception to the *Younger* abstention doctrine; it is apparent from the public docket of the state criminal case that Cruz-Rivera's motion to suppress evidence is being considered and that he will have the opportunity to present his arguments at a hearing.  Accordingly, this action is **stayed** pending the outcome of the state proceeding.  *See Simpson*, 73 F.3d 134 (7th Cir. 1995) ("[W]hen *Younger* abstention is required, 'the District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding.'" (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)).

### IV.

### CONCLUSION

This action is **STAYED** pending the outcome in *State v. Cruz Rivera*, No. 49D21-2507-F4-019989, in the Marion Superior Court.  Cruz-Rivera is **ORDERED** to provide status updates **every 60 days** on the status of that action until it has concluded.  The status updates shall be titled "Status Update", and they shall include the scheduled trial date, the status of any appeal should one occur, and any other pertinent dates or deadlines.  Should Cruz-Rivera fail to

provide status updates every 60 days, this action may be dismissed for failure to prosecute without further warning.

**SO ORDERED.**

Date: 4/9/2026

_____

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

ROBERT CRUZ-RIVERA
82985
Delaware County Jail
3100 S. Tillotson Avenue
Muncie, IN 47302

6